UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ELIZABETH L. MELENDEZ,**                                    CASE NO.:

     Plaintiff,

vs.

**EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX INFORMATION
SERVICES, LLC, TRANSUNION, LLC, AND
HUNTER WARFIELD, INC.**

     Defendants.                                    JURY TRIAL DEMANDED

_____/

## COMPLAINT

Plaintiff, Elizabeth L. Melendez (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"), Equifax Information Services, LLC (hereinafter "Equifax"), TransUnion, LLC (hereinafter "TransUnion") and Hunter Warfield, Inc. (hereinafter "HW") (Experian, Equifax, TransUnion and HW are hereinafter collectively referred to as "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), F.S. § 559.72 *et seq.*

## PRELIMINARY STATEMENT

1.      The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

2.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy." Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

3.      Defendants have violated the FCRA with respect to Plaintiff by failing to correct inaccuracies on her credit report.

4.      HW has violated the FDCPA by attempting to collect on a debt is not expressly authorized by agreement creating the debt or permitted by law.

5.      HW has violated the FCCPA by attempting to enforce a debt when it knows that the debt is not legitimate, and/or asserting the existence of some other legal right when it knows that the right does not exist.

6.      Plaintiff brings claims for statutory, actual and punitive damages against Defendants for their inaccurate reporting, for their failure to investigate Plaintiff's disputes of that inaccurate reporting and against HW for its violative debt collection practices.

## JURISDICTION AND VENUE

7.      The jurisdiction for this Court is conferred by 28 U.S.C. § 1331.

8.      Venue is proper in this District as Plaintiff residents in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

9.      Plaintiff is a natural person and resident of the State of Florida, residing in the Middle District of Florida.

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c), 15 U.S.C § 1692a(3) and Fla. Stat. § 559.55(8).

11.     The debt in question in this matter is a consumer debt pursuant to the FCRA, the FDCPA, and FCCPA.

12.     Upon information and belief, Experian, is a foreign Public Limited Company, with its principal place of business in Costa Mesa, California and is authorized to do business in the State of Florida, including the Middle District.

13.     Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

14.     Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

15.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Upon information and belief, Equifax is a foreign profit corporation with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, and is authorized to do business in the State of Florida.

17.     Upon information and belief, Equifax is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

18.     Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

19.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

20.     Upon information and belief, TransUnion is a foreign limited liability company with its principal place of business in Chicago, Illinois and is authorized to do business in the State of Florida.

21.     Upon information and belief, TransUnion is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

22.     Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

23.     Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

24.    HW is a for profit corporation with its principal place of business located at 4620 Woodland Corporate Blvd. Tampa, Florida 33614, and authorized to conduct business in the State of Florida.

25.    HW is a debt collector as defined by the FDCPA and the FCCPA.

26.    HW is a "furnisher" of credit information as defined in 15 U.S.C. § 1681-s2(a) and (b).

## FACTUAL ALLEGATIONS

27.    On or about June 1, 2016, Plaintiff moved out of the real property located at 15814 Golden Club St., Clermont, Florida 34711 (the "Property").

28.    The Property was owned and managed by American Homes 4 Rent Properties Seven, LLC. (hereinafter "AH4R").

29.    At the time of her departure from the Property, AH4R retained Plaintiff's security deposit in the amount of $1,195.00 and demanded payment of $1,055.13 from Plaintiff.

30.    Upon information and belief, at some point following Plaintiff's departure from the Property, AH4R assigned and/or sold the debt alleged to be owed by Plaintiff to HW.

31.    In August of 2020, Plaintiff pulled her credit report and saw that HW was reporting an amount due and owed to it by Plaintiff.

32.    On or about August 13, 2020, Plaintiff called HW to inquire about the alleged debt and spoke with an individual named Marco (employee ID number 4133).

33.     HW's agent, Marco, advised Plaintiff that she owed $2,537.12, plus interest. Plaintiff contested the amount allegedly due and/or owed to HW.

34.     Plaintiff also discovered that HW was furnishing false and derogatory information about her to credit reporting agencies, including Experian, Equifax and TransUnion.

35.     On or about August 20, 2020, Plaintiff placed a security freeze on her Equifax credit report.

36.     On or about September 2, 2020, Plaintiff sent dispute letters to Experian, Equifax and TransUnion, contesting the invalidity of the information reported by HW.

37.     On or about September 10, 2020, Experian responded to the September 2, 2020 dispute letter indicating that an "ID SECURITY ALERT" was added to Plaintiff's Experian credit report. The HW account, however, was not corrected by Experian.

38.     On or about September 26, 2020, TransUnion responded to the September 2, 2020 dispute letter indicating that HW report was "verified as accurate."

39.     Equifax did not respond to Plaintiff's September 2, 2020 dispute letter.

40.     On or about October 16, 2020, Plaintiff sent a second dispute letters to Experian, Equifax and TransUnion, contesting the invalidity of the information reported by HW.

41.   On or about October 30, 2020, Equifax requested that Plaintiff verify her identification. Plaintiff complied with Equifax's request and provided the information sought; however, Equifax did not correct the error in Plaintiff's credit report.

42.   On or about November 4, 2020, Experian responded to the October 16, 2020 dispute letter, but did not modify the information it was reporting relative to the HW account.

43.   On or about November 7, 2020, TransUnion responded to the October 16, 2020 dispute letter indicating that HW report was "verified as accurate" and updated Plaintiff's telephone number in her report.

44.   HW verified the inaccurate information it was furnishing to Experian, Equifax and TransUnion about Plaintiff.

45.   To date, HW continues to furnish false information about Plaintiff to credit bureaus and continues to attempt to collect an invalid debt from Plaintiff.

46.   To date, Experian continues to report false information about the HW account on Plaintiff's credit report.

47.   To date, Equifax continues to report false information about the HW account on Plaintiff's credit report.

48.   To date, TransUnion continues to report false information about the HW account on Plaintiff's credit report.

49.   Neither Experian, Equifax, TransUnion nor HW conducted any meaningful investigation into Plaintiff's dispute.

50.     Plaintiff's credit score has dropped significantly due to the actions and/or inactions of the Defendants.

51.     Plaintiff has wasted countless hours of her personal time dealing with this problem to no avail.

52.     Plaintiff has suffered from unnecessary and unwanted stress, frustration, and anger as a result of the action and/or inaction of the Defendants.

53.     Due to the inaccurate reporting, Plaintiff has been damaged in the form of higher interest rates on other debts she has taken on, to include loans from Prosper and Discover.

54.     Due to the inaccurate reporting, Plaintiff has been damaged in the form of credit denials from Capital One.

<u>**CAUSES OF ACTION**</u>

**COUNT I**
<u>**VIOLATION OF 15 U.S.C. § 1681e(b)**</u>
**(Experian, Equifax and TransUnion)**

55.     Plaintiff re-alleges and reincorporates paragraphs 1 through 54, as if fully set forth herein.

56.     Experian, Equifax and TransUnion are subject to and violated the provisions of 15 U.S.C. §1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credits reports and credit files published and maintained concerning Plaintiff.

57.     Experian, Equifax and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report.

58.     The inaccuracies included in Plaintiff's credit report are due to Experian, Equifax and TransUnion's failure to follow reasonable procedures to assure the maximum possible accuracy of her credit file.

59.     Specifically, had Experian, Equifax and TransUnion conducted a reasonable investigation to determine whether the disputed information was inaccurate, Experian, Equifax and TransUnion would have discovered that the contents of Plaintiff's dispute letters were correct and accurate.

60.     Plaintiff has suffered injury which was caused by the inclusion of this inaccurate information on her credit report.

61.     Experian, Equifax and TransUnion's actions were a direct and proximate cause, as well as a substantial factor in, the serious injuries, damages and harm to Plaintiff.

WHEREFORE, Plaintiff requests the following relief:

    i.     Find Experian, Equifax and TransUnion in violation of 15 U.S.C. §1681e(b);

    ii.    Award any actual damages to Plaintiff as a result of Experian, Equifax and TransUnion's violations;

    iii.   Award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

iv.    Award any punitive damages, as the Court may allow;

v.    Award the costs of the action, together with any attorney's fees incurred in connection with such action as the Court may deem to be reasonable under the circumstances; and

vi.    Award such other relief as this Court deems just and proper.

## COUNT II
## VIOALTION OF 15 U.S.C. § 1681i(a)(1)
**(Experian, Equifax and TransUnion)**

62.    Plaintiff re-alleges and reincorporates paragraphs 1 through 54, as if fully set forth herein.

63.    Experian, Equifax and TransUnion are subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

64.    Specifically, Experian, Equifax and TransUnion willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

65.    Had Experian, Equifax and TransUnion conducted a reasonable re-investigation to determine whether the disputed information was inaccurate, Experian, Equifax and TransUnion would have discovered that the contents of Plaintiff's dispute letters were correct and accurate.

66.    Such reporting is false and evidences Experian, Equifax and TransUnion's failure to conduct reasonable re-investigations of Plaintiff's disputes.

67.    Experian, Equifax and TransUnion's re-investigation of Plaintiff's disputes was not conducted reasonably.

68.    Experian, Equifax and TransUnion's re-investigations of Plaintiff's disputes were not conducted in good faith and are unreasonable.

69.    Experian, Equifax and TransUnion's re-investigations of Plaintiffs disputes were not conducted using all information reasonably available to Experian, Equifax and TransUnion.

70.    Experian, Equifax and TransUnion's re-investigations were per se deficient by reason of these failures in Experian, Equifax and TransUnion's re-investigations of Plaintiff's disputes.

**WHEREFORE**, Plaintiff requests the following relief:

   i.    Find Experian, Equifax and TransUnion in violation of 15 U.S.C. §1681i(a)(1);

   ii.    Award any actual damages to Plaintiff as a result of Experian, Equifax and TransUnion violations;

   iii.    Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

   iv.    Award any punitive damages, as the Court may allow;

v.    Award the costs of the action, together with any attorney's fees incurred in connection with such action as may be deemed to be reasonable under the circumstances; and

vi.    Award such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681i(a)(4)
### (Experian, Equifax and TransUnion)

71.    Plaintiff re-alleges and reincorporates paragraphs 1 through 54, as if fully set forth herein.

72.    Experian, Equifax and TransUnion are subject to, and each violated the provisions of, 15 U.S.C. §1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes.

73.    Had Experian, Equifax and TransUnion reviewed and considered all information received in Plaintiff's disputes, Experian, Equifax and TransUnion would have discovered that the dispute letters were correct and accurate.

74.    Experian, Equifax and TransUnion willfully and/or negligently failed to review and consider all information received in Plaintiff's disputes.

75.    Experian, Equifax and TransUnion's failure to review and consider all information received in Plaintiff's disputes, constitute negligent or willful noncompliance with the FCRA.

76.    Experian, Equifax and TransUnion failure to review and consider all information received in Plaintiff's disputes, was done in bad faith.

**WHEREFORE**, Plaintiff requests the following relief:

    i.    Find Experian, Equifax and TransUnion in violation of 15 U.S.C. §1681i(a)(4);

    ii.    Award any actual damages to Plaintiff as a result of Experian, Equifax and TransUnion's violations;

    iii.    Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

    iv.    Award any punitive damages, as the Court may allow;

    v.    Award the costs of the action, together with any attorney's fees incurred in connection with such action as may deemed to be reasonable under the circumstances; and

    vi.    Award such other relief as deemed just and proper.

**COUNT IV**
**VIOALTION OF 15 U.S.C. § 1681i(a)(5)**
**(Experian, Equifax and TransUnion)**

77.    Plaintiff re-alleges and reincorporates paragraphs 1 through 54, as if fully set forth herein.

78.    Experian, Equifax and TransUnion are subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's dispute as inaccurate or that could not be verified.

79.    Specifically, despite receiving Plaintiff's dispute letter, Experian, Equifax and TransUnion willfully and/or negligently failed to update or delete the inaccurate information on Plaintiff's report.

80.    Experian, Equifax and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiffs' injuries, damages, and harm as more fully stated herein.

**WHEREFORE**, Plaintiff requests the following relief:

i.    Find Experian, Equifax and TransUnion in violation of 15 U.S.C. §1681i(a)(5);

ii.    Award any actual damages to Plaintiff as a result of Experian, Equifax and TransUnion's violations;

iii.    Award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

iv.    Award any punitive damages, as the Court may allow;

v.    Award the costs of the action, together with any attorney's fees incurred in connection with such action as the Court may deem to be reasonable under the circumstances; and

vi.    Award such other relief as this Court deems just and proper.

**COUNT V**
**VIOLATION 15 U.S.C. §1681s-2(b)**
**(Hunter Warfield, Inc.)**

81.    Plaintiff re-alleges and reincorporates paragraphs 1 through 54, as if fully set forth herein.

82.    HW violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding same; by failing to accurately respond to Experian,

Equifax and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the debt at issue to the consumer reporting agency.

83.    HW violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian, Equifax and TransUnion after HW had been notified that the information was inaccurate.

84.    HW violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian, Equifax and TransUnion that HW knew was inaccurate.

85.    As a result of the conduct, action and inaction of HW, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and increased interest charges.

86.    HW's conduct, action, and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87.    Plaintiff is entitled to recover attorney's fees and costs from HW, in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, HW, for statutory damages, actual damages,

punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Hunter Warfield, Inc.)

88.     Plaintiff re-alleges and incorporates paragraphs 1 through 54 above as if fully set forth herein.

89.     At all times relevant HW was obligated to comply with the FDCPA.

90.     HW violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or permitted by law.

91.     HW is attempting to collect a debt that is not due and/or owing.

92.     In the alternative, HW is attempting to collect on a portion of a debt that is not due and/or owing.

93.     As a result of the actions or inactions of HW, Plaintiff suffered the damages described in this Complaint.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against HW for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VII
## VIOLATION THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (Hunter Warfield, Inc.)

94.    Plaintiff re-alleges and incorporates paragraphs 1 through 54 above as if fully set forth herein.

95.    At all times relevant to this action HW was subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

96.    HW violated subsection (9) of the FCCPA by attempting to collect a debt that is not due and/or owing.

97.    In the alternative, HW violated subsection (9) of the FCCPA by attempting to collect on a portion of a debt that is not due and/or owing.

98.    HW's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against HW for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby give notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

Dated: this 12th day of March.

Respectfully submitted,

**KASS SHULER PA**
1505 N. Florida Ave.
Tampa, FL 33602
Tel: 813-229-0900
Fax: 813-229-3323
Email: mschwartz@kasslaw.com

By:    /s/ Matthew L. Schwartz
       Matthew L. Schwartz
       Fla. Bar. No. 15713